# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Demetrius Antwon Wilson,<br>　　　　Petitioner,<br>v.<br>Charles L Ryan, et al.,<br>　　　　Respondents. | No. CV-18-4627-PHX-DLR(DMF)<br>**ORDER** |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Deborah M. Fine (Doc. 18) regarding Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1). The R&R recommends that the petition be denied and dismissed with prejudice. The Magistrate Judge advised the parties that they had fourteen days from the date of service of a copy of the R&R to file specific written objections with the Court. Petitioner filed an objection to the R&R on May 24, 2019 (Doc. 21), Respondents filed their response on May 29, 2019 (Doc. 22), and Petitioner subsequently filed a Motion for Full Discovery of Medical Records Filed August 17, 2018 in the Court of Appeals (Doc. 23).

The Court has considered the objections and reviewed the R&R de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). The Magistrate Judge correctly found that Petitioner waived the right to assert the claims alleged in his petition when he pled guilty. The Magistrate Judge also applied the correct habeas review standard as set forth in 28

U.S.C. § 2254(d), and correctly found that Petitioner did not establish that the Arizona Court of Appeals decision of his appeal was contrary to or involved an unreasonable application of clearly established federal law or was based on an unreasonable application of the facts.

Petitioner's objection does not point to any particular error in the R&R. Rather, the Petitioner argues that the Magistrate Judge was biased because she was the judge in another of Petitioner's cases, unrelated to this matter. However, because Petitioner does not argue or point to any evidence that the Magistrate Judge displayed, in either case, "a deep-seated favoritism or antagonism that would make fair judgment impossible," her involvement in the other case does not constitute a basis for a bias or partiality motion. *Liteky v. United States,* 510 U.S. 540, 555 (1994).

Petitioner also has moved to have this Court gather his medical records filed in the Arizona Court of Appeals. The Court assumes that Petitioner believes that if the Court combs through his medical records filed in the Court of Appeals, the Court will find records that confirm that he could not have knowingly and voluntarily entered into the plea agreement. The Court is not required to comb the record looking for evidence to support a party's claims or defenses. Further, the Court, in its discretion, will not consider issues or evidence presented for the first time in an objection to the R&R.

**IT IS ORDERED** that the R&R (Doc.18) is **ACCEPTED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Full Discovery of Medical Records Filed August 17, 2018 in the Court of Appeals (Doc. 23) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because the dismissal of the petition is justified because reasonable jurists would not find the ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right. The Clerk of the Court shall enter judgment denying and dismissing Petitioner's Petition for

1 | Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) with prejudice and shall
2 | terminate this action.

Dated this 18th day of June, 2019.

_____
Douglas L. Rayes
United States District Judge